IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ZAVALA VILLAGOMEZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 4:21-cr-00050-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Defendant, Luis Villagomez, filed a motion seeking compassionate release ("Motion").[1] Because Defendant fails to demonstrate extraordinary and compelling reasons for compassionate release, the Motion is DENIED.

## DISCUSSION

### The Motion is not procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[2] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[3] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant

---

[1] Re: Request for Review [First Step Act], docket no. 86, filed February 16, 2022.

[2] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[3] 18 U.S.C. § 3582(c)(1)(A).

such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[4] If the requirement is not satisfied, a court may not consider a request for compassionate release.[5]

There is no indication in the record that Defendant submitted a request to the warden of the facility where he incarcerated. However, Mr. Villagomez is incarcerated in a state facility. In the limited circumstances where a defendant cannot submit an application for compassionate release to a warden of a federal institution, such as when housed in a state institution, that defendant has satisfied the typical exhaustion requirements of 18 U.S.C. §3582(c)(1)(A).[6] Defendant's place of incarceration should not preclude him from filing a motion for compassionate release under the relevant statute. Therefore, the Motion will be treated as procedurally proper, and its merits will be addressed.[7]

### Defendant Fails to Demonstrate Extraordinary and Compelling Reasons to Warrant Compassionate Release

The phrase "extraordinary and compelling reasons" is not defined in 18 U.S.C. § 3582(c). The USSC has issued a policy statement which defined the phrase "'extraordinary and compelling reasons' to include serious medical conditions and the age of the defendant,"[8] as well as circumstances where a defendant's spouse is incapacitated and the defendant would be the only available caregiver.[9] However, the Tenth Circuit recently held that "the existing policy

---

[4] *Williams*, 2020 WL 806026, at *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[5] See *United States v. Machuca-Quiintana*, 465 F. Supp. 3d 1178, 1181 (D. Kan. 2020).

[6] *See United States v. Manganas*, No. 1:16-CR-00209, 2021 WL 5565852, at *2 (M.D. Pa. Nov. 29, 2021).

[7] *See* 18 U.S.C. § 3582(c)(1)(A).

[8] *Williams*, 2020 WL 806026, at *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[9] *United States v. Quintana*, No. 17-CR-20043-02-JAR, 2020 WL 6483151, at *3 (D. Kan. Nov. 4, 2020), *reconsideration denied*, No. 17-CR-20043-02-JAR, 2021 WL 147987 (D. Kan. Jan. 15, 2021).

statement [issued by the USSC] is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[10] Because the Motion was filed by Defendant, the policy statement is inapplicable, and district court possess "the authority to exercise [their] independent discretion to define the term 'extraordinary and compelling reasons.'"[11] However, the policy statement's definition of the phrase provides a "persuasive, albeit not controlling, illustration of extraordinary and compelling reasons that warrant a reduction in sentence —e.g., the defendant's terminal illness, advanced age, debilitating medical condition, or the death or incapacitation of the sole caregiver for the defendant's minor children."[12]

The only reason Defendant offers to justify compassionate release is that he has been rehabilitated during his time incarcerated. Defendant's efforts at rehabilitation while behind bars are commendable. But Defendant's claims of rehabilitation do not alone constitute extraordinary and compelling reasons to justify compassionate release.[13] Therefore, Defendant has failed to demonstrate extraordinary and compelling reasons to justify compassionate release.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[14] is DENIED.

Signed March 21, 2022.

BY THE COURT

_____
David Nuffer, United States District Judge

---

[10] *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021).

[11] *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

[12] *United States v. Blair*, No. 17-CR-00079-CMA, 2021 WL 2375872, at *1 (D. Colo. June 10, 2021).

[13] *See United States v. Espino*, No. 03-20051-08-JWL, 2021 WL 197254, at *3 (D. Kan. Jan. 20, 2021).

[14] Re: Request for Review [First Step Act], docket no. 86, filed February 16, 2022.